**Beverly BRANDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12077.**

Court of Civil Appeals of Texas, Austin.

Dec. 19, 1973.

Mike DeGeurin, Foreman & DeGuerin, Houston, for appellant.

John L. Hill, Atty. Gen., E. Bruce Curry, Larry F. York, Joe B. Dibrell, Asst. Attys. Gen., Robert O. Smith, Dist. Atty., Gerald C. Carruth, Asst. Dist. Atty., Austin, for appellee.

PHILLIPS, Chief Justice.

 This is an appeal from a decision of the district court of Travis County which granted the defendant's motion for judgment in an automobile forfeiture proceeding instigated by the State of Texas under Article 725d, Vernon's Annotated Penal Code.[1] The court ruled that defendant (appellant here) was entitled to immediate possession of the seized automobile, subject to any storage charges that might have accrued thereon. The court further ruled that the State was in no way liable for storage charges. From this latter part of the judgment appellant has perfected her appeal to this Court.

We sustain this point, consequently we reverse this judgment and remand the case for trial.

Appellant has alleged error in the trial court's holding that the State of Texas is not liable for storage charges that have accrued on the automobile.

In November of 1970, a sergeant of the Austin Police Department seized appellant's automobile under the authority of Article 725d, Vernon's Annotated Penal Code, alleging a violation of Section 1 of that article. The seized automobile was then placed into possession of a privately-owned automobile wrecking yard, where it remains to this day. On August 3, 1972, the State filed its "Notice of Seizure and Intended Forfeiture" pursuant to the provisions of Article 725d, *supra,* intending to forfeit the automobile to the Texas Department of Public Safety. On August 21, 1972, appellant filed her answer asking that her automobile be returned to her immediately. In January 1973, the State moved for nonsuit. The trial court granted the State's motion in February, 1973, without prejudice.

 Appellant's answer stated a cause of action and requested affirmative relief. She was thereby entitled to judgment notwithstanding the nonsuit.

---

1. In June 1973, the 63rd Legislature passed H.B. 447, the Texas Controlled Substances Act, effective August 27, 1973. Although Sec. 6.01 of the new law includes a savings provision for criminal actions for offenses committed before August 27, 1973, there is no saving provision for forfeiture actions. Nevertheless, it is a well known principle that the former statute still applies if final judgment preceded repeal. See Galveston, H. & H. R. Co. v. Anderson, 229 S.W. 998 (Tex. Civ.App.—Galveston, 1920, writ ref.) and National Carloading Corp. v. Phoenix—El Paso Express, 142 Tex. 141, 176 S.W.2d 564 (1943).

Appellant filed a motion for judgment asking for relief under Sec. 8A(b) of Art. 725d, that is, for possession of the automobile free and clear of any charges that might have accrued thereon at the behest of the State. Sec. 8A(b) states:

"Storage charges on any vessel, vehicle or aircraft accrued while the vehicle is stored at the request of a seizing officer of the Texas Department of Public Safety pending the outcome of the forfeiture suit brought under the provisions of this Act shall be paid by the Texas Department of Public Safety out of its appropriations if such vessel, vehicle or aircraft after final hearing shall be returned to the owner by action of the court."

A hearing on this motion was held in March 1973, at the conclusion of which the trial court granted the motion and ordered that appellant have immediate possession of the car subject to any storage charges which might have accrued thereon. This ruling declared that the State was not liable for the storage charges.

Having examined the statute, we find no indication of legislative intent that the statute not be applied to cases pending at the time of its taking effect. See City of Irving v. Dallas County Flood Control District, 377 S.W.2d 215 (Tex.Civ.App.—Tyler 1964) rev'd on other grounds, 383 S.W.2d 571 (Tex.Sup.1964).

■ We are not impressed by the State's contention that the officer making the seizure was not in the class of officers expressly stated in the statute. The amendment refers to storage charges "while the vehicle is stored at the request of a seizing officer of the Texas Department of Public Safety pending the outcome of the forfeiture suit . . ." Nevertheless, a reading of the act, in its entirety, indicates that in the instant case, the police officer who actually seized appellant's vehicle acted in compliance with the Act. Article 725d (Sec. 2) provides that the ve-hicle used in violation of Section 1 "shall be seized and forfeited to the Texas Department of Public Safety . . ." Section 22 of Article 725b provides:

"Enforcement and cooperation.

Sec. 22. It is hereby made the duty of the Department of Public Safety, its officers, agents, inspectors, and representatives, and of all peace officers within the State, including all peace officers operating under the jurisdiction of the Department of Public Safety, or that may hereafter operate under its jurisdiction and all County Attorneys, District Attorneys, and the Attorney General to enforce all provisions of this Act, except those specifically delegated, and to cooperate with all agencies charged with the enforcement of the laws of the United States, of this State, and of all other States, relating to narcotic drugs."

The State contends that although the seizing officer acted legally and within the purview of the statute, charges for a car seized and subsequently released can be had only if the car had been seized by an officer of the Department of Public Safety. Considering the statute as a whole, such a holding would be entirely unreasonable. Section 3 of the statute provides:

"Any officer authorized by the provisions of the Acts enumerated in Section 1 of this Act to enforce such acts may seize any vessel, vehicle or aircraft violating the provisions of this Act."

Since more than one category of law enforcement officers can lawfully seize a vehicle under the Act, there exists no logical reason why the owner of a confiscated vehicle would have a full statutory remedy only if his vehicle happened to have been seized by one and only one category of officer, namely a member of the Department of Public Safety. Section 2 of the Act states that a vehicle "shall be seized and forfeited to the Texas Department of Public Safety . . ." If seizing were restricted to DPS officers, the statute should

have read: "seized *by* and forfeited to the Texas Department of Public Safety." A statute should not be shorn of its effectiveness if its purpose can be achieved by a reasonable interpretation. See Southwestern Savings and Loan Association of Houston v. Falkner, 160 Tex. 417, 331 S. W.2d 917 (1960); Fatheree v. Eddleman, 363 S.W.2d 784 (Tex.Civ.App.—Amarillo 1962, no writ); Texas State Board of Dental Examiners v. Fenlaw, 357 S.W.2d 185 (Tex.Civ.App.—Dallas 1962, no writ); Commissioners Court v. Martin, 471 S.W. 2d 100 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.).

We reverse the judgment of the trial court and remand the case for determination of the matter of storage charges.

Reversed and remanded.