**Sammy MEGASON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–014–CV.**

Court of Appeals of Texas, Corpus Christi.

May 17, 1990.

Rehearing Overruled June 14, 1990.

Walter E. Chastain, Chastain & Chastain, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Bradford M. Condit, Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from an adverse ruling in a forfeiture action under Tex.Rev.Civ. Stat.Ann. art. 4476–15 (repealed 1989) (see now Tex.Health & Safety Code § 481.001 et seq.) (Vernon Pamp.1990) (the Controlled Substance Act.)

On July 11, 1986, the State filed its Notice of Seizure and Intention to Forfeit Property, including $50,000.00 which was seized from appellant by representatives of the Nueces County Sheriff's office. It alleged that appellant derived this money from a "commercial undertaking in violation of the Controlled Substance Act." Appellant filed various pleadings, including a verified denial, and requested that on final hearing the property be returned to him forthwith.

On September 12, 1986, the State moved for a nonsuit under Tex.R.Civ.P. 164 (repealed 1988). The court, on the same day, granted this motion and dismissed the cause with prejudice. The court took no action on appellant's request to have the money returned to him.

Thereafter, on September 15, 1988, the case was set for trial for October 28, 1988. At the time of trial, appellant's attorney called the court's attention to the fact that the only live pleading in the case was his request that the $50,000.00 be returned to appellant and requested the court to limit the trial to that pleading. The attorney for the State, the court, and counsel for appellant discussed proceedings involving this same subject matter in the Federal District Court and the desire of the Federal District Court to have a ruling from the State court on the propriety of the seizure and forfeiture procedure instituted by the Nueces County Sheriff's office and the State of Texas; however, no evidence was ever presented regarding any Federal proceedings.

Over appellant's objection, the State presented evidence tending to establish that the money in controversy was intended to be used in a commercial narcotics transaction. It was also established that at the time of the seizure, the money was in appellant's possession.

On November 21, 1988, the court entered its Final Order and Amended Findings of Fact and Conclusion of Law, as follows:

1) Plaintiff State of Texas dismissed this cause of action September 26, 1986. Because a forfeiture action under Tex.Rev. Civ.Stat., art. 4476–15 (The Controlled Substance Act) is a proceeding *in rem,* and the *res* made the subject of this action was removed from this court's jur-

isdiction. The court does not have jurisdiction in this cause.

2) The U.S. District Court Southern District of Texas has within its jurisdiction the *res* which was the original basis of this court's jurisdiction pending as Cause No. C–87–40, styled United States of America vs. United States Currency valued at approximately $51,985.18.

3) After hearing the evidence and considering arguments of counsel, the court finds that on June 28, 1986, Sammy Megason was the owner of $51,985.18.

4) On this date, he knowingly intended to use the currency to obtain possession of more than fifty (50) pounds of marijuana which is a violation of Tex.Rev.Civ.Stat., art. 4476–15, sec. 4.052(1).

5) Therefore, the court finds that $50,-000.00 would be forfeited under Texas law and Plaintiff State of Texas shall cause to be filed in the U.S. District Court, Southern District of Texas, Corpus Christi Division, Cause No. 87–40, a certified copy of this Amended Findings of Fact and Conclusion of Law that would award to Nueces County Sheriff James T. Hickey $50,000.00 under Tex. Rev.Civ.Stat. 4476–15, sec. 5.08(f) (Vernon Supp.1988).

6) All relief not specifically granted is denied.

■ By his first point of error, appellant asserts that the court erred in holding that it did not have jurisdiction of this case. We agree. The court's reasoning was that since the forfeiture proceeding is one *in rem* and since the *res* (the $50,000.00) was no longer in the State's possession, the court had lost jurisdiction. While there was some discussion by the attorney for the State that the money had been turned over to the Federal authorities, no evidence to this effect was presented. Even so, since the memory of man runneth not to the contrary, it has been the law of this State that once a court obtains jurisdiction of the parties and the subject matter, subsequent events will not divest it of jurisdiction. *Gulf C & SF Ry Co. v. Muse*, 109 Tex. 352, 207 S.W. 897 (1919); *Isbell v. Kenyon–Warner Dredging Co.*, 113 Tex.

528, 261 S.W. 762, 763 (Tex.Comm'n App. 1924, opinion adopted); *Flynt v. Garcia*, 587 S.W.2d 109, 110 (Tex.1979). Since it is undisputed that the money was in the Sheriff's possession at the time of filing the notice of forfeiture and that the court had jurisdiction of appellant, it is clear that the court had jurisdiction over both the property and the parties. Moreover, if the court did not have jurisdiction, any action other than dismissal of the case would have been void. *See Berger v. Berger*, 497 S.W.2d 453, 454 (Tex.Civ.App.—El Paso 1973, no writ); *Porter v. Johnson*, 712 S.W.2d 598, 599 (Tex.App.—Corpus Christi 1986, no writ). Point of error number one is sustained.

■ By point of error number four, appellant alleges error in the trial court's failure to grant his plea for affirmative relief and to return the seized $50,000.00 to appellant. Appellant's answer to the State's request for forfeiture concluded with the request that the money be returned to him. The State's motion for nonsuit was made and granted under the authority of Tex.R.Civ.P. 164 (repealed 1988), permitting a plaintiff to take a nonsuit, but providing that "he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

*Brandes v. State*, 503 S.W.2d 318 (Tex. Civ.App.—Austin 1973, no writ), involved an almost identical fact situation. The State seized an automobile and filed a "notice of seizure and intended forfeiture." The owner of the automobile answered, asking that the automobile be returned to her. The State moved for a nonsuit, which was granted.

Thereafter, the owner filed a motion requesting return of her vehicle. It had been stored in a commercial warehouse and the trial court granted her possession, but subject to the storage fees. While the ultimate decision in the case involved the storage fees, the court concluded that appellant's answer stated a cause of action and requested affirmative relief; therefore, she was entitled to judgment notwithstanding the nonsuit.

So it is in this case. Appellant's fourth point of error is sustained. We hold that appellant's answer requested affirmative relief and since, at the time of trial, there was no other pleading before the court, he was entitled to such relief. In light of this holding, a discussion of the other points of error is not necessary. Tex.R.App.P. 90(a).

The Final Order and Findings of Fact and Conclusion of Law are reversed and judgment is ordered entered that the State return the $50,000.00 to appellant.

The judgment of the trial court is reversed and rendered.

UTTER, J., not participating.