The STATE of Texas, Appellant,

v.

APPROXIMATELY $2,000,000.00 IN UNITED STATES CURRENCY, Appellee.

No. 01–90–01151–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 1991.

John B. Holmes, Dist. Atty., William Delmore, III, Calvin Hartmann, Houston, for appellant.

Ron S. Rainey, Houston, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

This is an appeal of an amended order of dismissal in an in rem forfeiture proceeding. We affirm.

## I. Factual and Procedural Background

On May 24, 1990, the Houston Police Department, in conjunction with the U.S. Customs Service, seized $1,446,035.00 from the residence of Rosa Bazan. On May 25, 1990, the State filed a forfeiture action in state district court naming Rosa Bazan as the "owner and possessor" of the money in question. Bazan filed an answer admitting the money was found at her home and stating "that she was the rightful claimant and that the State of Texas illegally seized" the money. On August 29, 1990, the State filed and was granted a nonsuit. The order of the nonsuit was silent as to the disposition of the seized currency. Within 24 hours of the judge's signature on the nonsuit, without the knowledge or consent of either the court or Bazan, the State gave the money to a representative of the U.S. Customs Service. On September 4, 1990, Bazan requested return of the money from the State and was informed that the money was being held by the Customs Service. On the same day, the trial court amended its first order of nonsuit and specifically stated that the money was to be returned to Bazan.

The money was not returned, and, by September 12, 1990, Bazan was served with a notice of seizure by the U.S. Government. On September 19, 1990, Bazan filed an expedited motion for return of the property in federal court, relying upon the September 4, 1990, amended state order. A hearing was held eight days later, and on October 9, 1990, the magistrate denied Bazan's motion. The magistrate found the civil district court had lost jurisdiction over the currency upon its transfer to the Customs Service, and permitted the federal civil forfeiture proceeding to continue. Before the magistrate ruled on Bazan's motion, Bazan filed a motion to reform the September 4, 1990, amended order in state court. The trial court granted the motion on October 29, 1990, and reformed the amended order to also specifically state that Bazan had asserted a claim for affirmative relief in her original answer.

On October 17, 1990, Bazan appealed the magistrate's denial of her motion to return the property. While the federal appeal was pending, the State, on November 12, 1990, filed its notice of appeal of the state court's amended orders of nonsuit to this Court. Meanwhile, the Customs Service filed a federal forfeiture action, to which Bazan filed an original answer and a motion to dismiss.

On February 7, 1991, U.S. District Court Judge Rainey entered an order declaring Bazan's appeal moot because he was granting her motion to dismiss. The motion to dismiss was granted on March 4, 1990, for want of jurisdiction. Judge Rainey held the civil district court retained jurisdiction of the currency, "which it did not release or relinquish prior to the commencement of forfeiture proceedings in this court." Judge Rainey ordered the currency be returned to the registry of the civil district court.

## II. Bazan's Motion to Dismiss

Pursuant to rules 71 and 72 of the Texas Rules of Appellate Procedure, Bazan filed a motion to dismiss this appeal. On May 2, 1991, this Court ordered that the motion be taken with the case. Before addressing the merits of the State's appeal, we will address the motion to dismiss. Bazan asserts five reasons why the appeal should be dismissed.

### 1. Collateral Attack on Judgment

■ Bazan asserts the State's appeal should be dismissed as a collateral attack

on the judgment of the trial court. Rather than filing an appeal, Bazan argues the appropriate remedy for the State would have been to file a motion to reinstate the cause in the trial court below.

■ The filing of a motion to reinstate has the same effect as a motion for new trial. *See generally Butts v. Capitol City Nursing Home,* 705 S.W.2d 696, 697 (Tex. 1986). A motion for new trial is a prerequisite of appeal only in those instances set out in rule 324(b) of the Texas Rules of Civil Procedure, none of which are applicable to the present case. TEX.R.CIV.P. 324(b).

Bazan has not cited us to any authority, nor have we found any, which requires a party to file a motion to reinstate after an order of dismissal has been taken. There is no basis for Bazan's assertion the State was required to file a motion to reinstate before it could file its notice of appeal. The State's appeal is not a collateral attack. Rather, it is a direct attack on the validity of the final judgment entered by the trial court below. *Austin Indep. School Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex. 1973).

### 2. No Right to Appeal from a Voluntary Nonsuit

■ Bazan asserts that once the State voluntarily nonsuited its claim, it abandoned all of its pleadings and any interest in the subject matter of the suit and thus, it has no right to appeal. *Bogs v. Bogs,* 703 S.W.2d 407, 409 (Tex.App.—Beaumont 1986, no writ). Bazan cited this Court to a number of cases in which the movants for nonsuit were unsuccessful on appeal because they were the proponents of the nonsuit. However, the present case is distinguishable from those cited by Bazan. In those cases, the moving party effectively invited the entry of a particular judgment by voluntarily nonsuiting its cause of action, or complained of the judgment later resulting from subsequent litigation conducted by the remaining parties. In this case, the issue the State seeks to raise on appeal is that the amended orders contain erroneous terms that adversely affect its

interest in the appropriate disposition of the currency in issue and the inclusion of the erroneous terms was uninvited error on its part. *See generally Gulf, Colorado & Santa Fe Ry. v. New Orleans Ry.,* 68 Tex. 98, 2 S.W. 199, 200–201 (1886) (while entry of a nonsuit may negate a party's ability to complain of error, it does not affect the jurisdiction of an appellate court to review the ensuing judgment).

In *Falls County v. Perkins and Cullum,* 798 S.W.2d 868 (Tex.App.—Fort Worth 1990, no writ), the court of appeals considered on the merits an appeal brought by a plaintiff who had nonsuited its case. The plaintiff unsuccessfully sought to appeal the award of attorney's fees included in the judgment of nonsuit. Procedurally, *Falls County* stands for the proposition that a plaintiff, after filing a nonsuit, may appeal the order or judgment granting that nonsuit if its erroneous terms adversely affect the plaintiff's legal rights. This case is more on point than those cited by Bazan. Here, the State seeks to appeal from two amended judgments that effectively determined substantive rights of ownership and possession of the forfeited currency not specifically addressed in the original judgment. Moreover, these amended judgments did not exist when the State took a nonsuit. Thus the State had not then suffered the injury it now complains of. Therefore, despite its voluntary nonsuit, the State has a right to appeal the entry of the two subsequent amended final orders of nonsuit.

### 3. Timeliness of the State's appeal

■ Bazan asserts the State did not timely perfect its appeal. A review of the record does not support Bazan's position.

The trial court signed the original order of nonsuit on August 29, 1990. This order merely granted the State's motion for nonsuit. On September 4, 1990, within its plenary power to do so, the trial court amended the August 29, 1990, order by inserting language requiring the $1,446,035 be returned to Bazan, as rightful owner. TEX. R.CIV.P. 329b(d).

On October 4, 1990, Bazan timely filed a motion to reform the September 4, 1990, order. Rule 329b provides:

A motion to modify, correct, or reform a judgment (as distinguished from a motion to correct the record of a judgment under Rule 316), if filed, shall be filed and determined within the time prescribed by this rule for a motion for new trial and *shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial....*

Tex.R.Civ.P. 329b(g) (emphasis added). Thus, the court had until November 19, 1990, to rule on Bazan's motion. Tex. R.Civ.P. 329b(c). The trial court granted the motion to reform, signing its order on October 29, 1990. The appellate timetable began to run on October 29, 1990, when the last reformed order was signed. *Check v. Mitchell,* 758 S.W.2d 755, 756 (Tex.1988); Tex.R.Civ.P. 329b(h). Therefore, the State's notice of appeal, filed November 12, 1990, which was 14 days after the final judgment was signed, is timely. Tex. R.App.P. 41(a)(1).[1]

### 4. Waiver of the right to appeal

■ Bazan asserts the State waived the right to appeal the September 4, 1990, order and can only complain of the modification made in the October 29, 1990, order. Bazan argues the motion she filed on October 4, 1990, "Claimant Rosa Bazan's Motion to Reform Order Entered on September 4, 1990," is a request for the entry of a judgment nunc pro tunc. A judgment nunc pro tunc does not extend the appellate timetable with regard to any matters "which could have been presented in an appeal from the original judgment." Tex. R.Civ.P. 329b(h). Therefore, Bazan claims because the State could have appealed from the September 4, 1990, order, but chose not to, it waived the right to do so now. Bazan asserts the State's attempt to "tack" a nonappealable order (the September 4, 1990, order) to an otherwise appealable order (the October 29, 1990, order), is

an attempt to readjust the appellate time table so as to secure this Court's review of the case.

We agree with Bazan that the State may only appeal from the October 29, 1990, order, but not for the reason given by Bazan. In discussing the timeliness of the State's appeal, we determined the trial court's entry of the October 29, 1990, order was procedurally proper. There is only one final, appealable order. Tex.R.Civ.P. 301. The October 29, 1990, order was an amended, reformed, or corrected order, and as such, superseded the September 4, 1990, order. The September 4, 1990, order is effectively "dead" and not susceptible to appeal. The only order properly appealable is the October 29, 1990, order.

### 5. The State's Claims are Precluded by the Doctrine of Collateral Estoppel

■ Bazan asserts the State is collaterally estopped from bringing this appeal, because the issues raised have been previously litigated before Judge Rainey in the federal court action. Bazan argues Judge Rainey, by dismissing the federal forfeiture action for want of jurisdiction, must have addressed the issues before this Court.

■ Collateral estoppel, or issue preclusion, bars relitigation of fact or law that was actually litigated and essential to the judgment in the prior suit. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985). A party seeking to invoke the doctrine of collateral estoppel must establish the facts sought to be litigated were fully and fairly litigated in the prior action, those facts were essential to the judgment in the first action, and the parties were cast as adversaries in the first action. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 820 (Tex.1984). Judge Rainey's dismissal for want of jurisdiction did not go to the merits of the case. *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979) Thus, the issues before this Court were not fully and fairly litigated

1. As a sovereign, the State was not required to file an appeal bond; it merely needed to file a

notice of appeal.

before Judge Rainey, and the State is not collaterally estopped from bringing this appeal.

The motion to dismiss is denied.

### III. Merits of Appeal

█ In its first point of error, the State asserts the trial court erred in continuing to exercise jurisdiction over the currency and in signing two amended orders of nonsuit. The State argues the trial court was without authority to sign the two amended orders because Bazan did not assert a claim for affirmative relief in her original answer, as required by TEX.R.CIV.P. 162. The State further asserts that, because Bazan's original answer did not contain a claim for affirmative relief, the State's nonsuit was a final disposition of the entire cause of action, the State properly transferred the currency to the Customs Service, and therefore, the trial court no longer had jurisdiction over the currency.

The pivotal question is whether Bazan's original answer asserted a claim for affirmative relief. Rule 162 allows a plaintiff to take a nonsuit and provides that any dismissal pursuant to this rule shall *not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.* (Emphasis added.) The State's argument is that because the original answer did not contain a claim for affirmative relief, the nonsuit was final, and the trial court did not have a pending claim before it to rule upon.

We do not have before us a statement of facts from October 29, 1990 hearing. We must, therefore, presume the trial court found all the facts necessary to support the judgment. *Guthrie v. National Home Corp.*, 394 S.W.2d 494, 495 (Tex.1965); *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945). By granting Bazan's motion to reform, the trial court necessarily must have construed her original answer as asserting a claim for affirmative relief. We agree with the trial court's construction. The pertinent part of Bazan's answer reads as follows:

Defendant herein would show unto the Honorable Court that she lays claim to said Two Million and No/100 Dollars ($2,000,000) by reason that said property was abandoned and that she was the rightful claimant of said property.
WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff [take] nothing by its suit and that Defendant recover her costs of Court and for such other relief that she may show herself to be justly entitled.

These words constitute the pleading of an affirmative claim.

The taking of a nonsuit shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. TEX.R.CIV.P. 162. Having asserted a claim for affirmative relief, Bazan was entitled to judgment notwithstanding the trial court's granting of the State's motion for nonsuit. *Brandes v. State*, 503 S.W.2d 318, 319 (Tex.Civ.App.—Austin 1973, no writ).

The first point of error is overruled.

█ In its second point of error, the State asserts the trial court erred by amending the final order of nonsuit when it no longer had jurisdiction over the currency.

█ The general rule of in rem jurisdiction is the court's jurisdiction is dependent upon its control over the res. *Costello v. State*, 774 S.W.2d 722, 723 (Tex. App.—Corpus Christi 1989, writ denied). The release or removal of the res from the control of the court will terminate the court's jurisdiction over the res. *Id.* at 724. However, if the res is released accidently, fraudulently, or improperly, the court will not be divested of its jurisdiction. *Id.* The record before us does not support a finding that the currency was transferred fraudulently or accidently. However, the record does support a finding that the currency was transferred improperly.

The State chose to transfer the money before the order of nonsuit was final and before the trial court had lost jurisdiction. The transfer was done without the knowledge or consent of Bazan. Not only had Bazan stated that she was the "rightful claimant," but the State had judicially ad-

mitted that she was the "owner and possessor" of the money when it seized the money pursuant to Chapter 59 of the Texas Code of Criminal Procedure. *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 769 (Tex.1983). At no time did the U.S. Customs Service attempt to intervene into the pending state action, and the U.S. District Court even ordered that the money be returned to the state district court because that court still had jurisdiction over the res. The state court's properly exercised jurisdiction should not be circumvented by a surreptitious transfer of the funds. At oral argument, the State asserted that the res was "drug money." Unfortunately, the actions of the State have prohibited either the state or federal court from hearing any evidence or making any decisions concerning the accuracy of this assertion, and have left the Court with but one alternative, to release the money to the only person making a claim to it after nonsuit.

Simply stated, Bazan asserted a claim for affirmative relief; therefore, the trial court still had a pending claim before it at the time the State transferred the currency to the Customs Service. TEX.R.CIV.P. 162. With that pending claim, the entire cause of action was not disposed of by the August 29, 1990, order of nonsuit. The transfer of the currency to U.S. Customs was improper and as such did not divest the trial court of its jurisdiction to amend the final order of nonsuit and provide for the disposition of the currency. *Megason v. State,* 791 S.W.2d 221, 223 (Tex.App.—Corpus Christi 1990, writ denied).

The second point of error is overruled

The judgment of the trial court is affirmed.