**Affirmed and Memorandum Opinion filed March 12, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00304-CV

---

### THE STATE OF TEXAS, Appellant

### V.

### THIRTEEN THOUSAND EIGHT HUNDRED FORTY-FIVE AND NO/100 DOLLARS ($13,845.00) IN U.S. CURRENCY, Appellee

---

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 62851**

---

## M E M O R A N D U M   O P I N I O N

State of Texas contends the trial court erred in the underlying forfeiture proceeding by granting Sophia Vanity Vincent's motion for return of Thirteen Thousand Eight Hundred Forty-Five and No/100 Dollars ($13,845.00) in U.S. Currency. The State argues that the Pearland Police Department's release of the $13,845.00 to the federal government deprived the trial court of jurisdiction to grant the motion. We affirm.

## I. BACKGROUND

On April 7, 2011, the State filed a forfeiture action in state court pursuant to chapter 59 of the Texas Code of Criminal Procedure, alleging that $13,845.00 was subject to forfeiture because it had been associated with various felonies. The State named several purported owners of the money, including Vincent. At that time, the money had been seized and was in the possession of the Pearland Police Department.

Vincent filed an answer, challenging the forfeiture and asserting claims for affirmative relief, specifically that the money should be released to her. The other purported owners waived any interest in the money.

In September 2011, a federal magistrate for the Eastern District of Louisiana issued a "Warrant to Seize Property Subject to Forfeiture," ordering officers to seize $13,825.00 in the possession of the Pearland Police Department. The warrant was executed, and the Pearland Police Department turned over $13,845.00 to federal officials.[1]

The State moved to non-suit its forfeiture action after the Pearland Police Department released the money to the federal government. On October 17, 2011, the trial court signed an order granting the non-suit and dismissing the State's forfeiture claims without prejudice.

On November 15, 2011, Vincent filed a motion in the trial court for return of the money, arguing the trial court retained jurisdiction over the money despite the non-suit because she had asserted claims for affirmative relief in her answer. The State filed a "Plea in Abatement and Cross-Motion to Dismiss," requesting that the

---

[1] We note that the amount referenced in the seizure warrant, $13,825.00, is twenty dollars less than the amount seized by the federal government from the Pearland Police Department. However, it is unnecessary to our disposition for us to determine the effect of this discrepancy.

court dismiss Vincent's motion for lack of jurisdiction. The State argued that the trial court no longer had jurisdiction over the money because it had been transferred to the federal government. Vincent responded by contending that the trial court retained jurisdiction because the State did not and could not non-suit Vincent's affirmative claims, which remained pending.

On January 23, 2012, the trial court granted Vincent's motion and ordered the Pearland Police Department to return the $13,845.00 to Vincent. The trial court also separately issued a legal memorandum and findings of fact and conclusions of law explaining, *inter alia*, that the Pearland Police Department improperly released the money to the federal government because the police department did not receive the trial court's permission.

## II. ANALYSIS

In its first issue, the State contends the trial court erred by ordering the money returned to Vincent because the court lost jurisdiction over the money when it was transferred to the federal government. Determining whether the trial court had subject-matter jurisdiction is a question of law we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

As stated above, the State filed its forfeiture action under Chapter 59 of the Texas Code of Criminal Procedure. Chapter 59 prescribes the procedures governing civil forfeiture, which is an *in rem* proceeding against contraband. *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128 Tag No. 3TMX16*, 140 S.W.3d 691, 692–93 (Tex. 2004); *Hardy v. State*, 102 S.W.3d 123, 126–27 (Tex. 2003). Generally, a court's *in rem* jurisdiction is dependent upon its control over the res. *State v. Approximately $2,000,000.00 in U.S. Currency*, 822 S.W.2d 721, 726 (Tex. App.—Houston [1st Dist.] 1991, no writ). The release or removal of the res from the control of the court will terminate the court's jurisdiction over the res.

3

*Id.* However, the court will not be divested of its jurisdiction if the res is released accidently, fraudulently, or improperly. *Id.*

The trial court determined that the Pearland Police Department improperly released the money to the federal government because the trial court had continuing *in rem* jurisdiction over the money.

We first note—and the State does not disagree—that the State's non-suit of its forfeiture claim did not terminate the trial court's *in rem* jurisdiction over the money because Vincent's claims for affirmative relief remained pending. *See id.* (holding state court retained *in rem* jurisdiction despite non-suit of State's forfeiture claims because alleged property owner's claims for affirmative relief remained pending).[2]

The State also appears to acknowledge the federal government would have been precluded from exercising *in rem* jurisdiction because the state court was the first court to exercise *in rem* jurisdiction over the money. *See Penn Gen. Cas. Co. v. Penn.*, 294 U.S. 189, 194–96 (1935) (concluding that when *in rem* actions involving the same property are simultaneously pending in federal and state court, the court first assuming jurisdiction over the property may exercise that jurisdiction to the exclusion of the other); *City of Concord, N.C. v. Robinson*, --- F. Supp. 2d ---, 2012 WL 5944137, at *6 (M.D.N.C. Nov. 28, 2012) ("Similarly, it is clear that a federal court can only assert *in rem* jurisdiction over drug proceeds if the state courts have not already exercised *in rem* or *quasi in rem* jurisdiction over the money.").

---

[2] Hence, the State's reliance on *United States v. One Parcel Property Located at Lot 85, County Ridge* is misplaced because the state court in that case had "affirmatively relinquished" its jurisdiction of the property at the time it was seized by the federal government. 100 F.3d 740, 742–43 (10th Cir. 1996).

However, the State argues that the Pearland Police Department properly transferred the money to the federal government because the federal forfeiture action was *in personam*, based on 21 U.S.C.A. section 853.  Section 853 governs criminal forfeitures in federal proceedings.  *See generally* 21 U.S.C.A. § 853. Criminal forfeitures operate *in personam* as punishment against a party who committed criminal acts.  *United States v. Fleet*, 498 F.3d 1225, 1231–32 (11th Cir. 2007); *see also United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) (recognizing that forfeiture under section 853 is *in personam*).  Concurrent state and federal cases involving the same property may proceed simultaneously when one of the cases is *in personam*.  *See United States v. $79,123.49 in U.S. Cash & Currency*, 830 F.2d 94, 97 (7th Cir. 1987); *Knaefler v. Mack*, 680 F.2d 671, 675– 76 (9th Cir. 1982); *see also United States v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir. 1990) ("[B]ecause there were not competing in rem proceedings, *Penn General* does not require that the jurisdiction of the district court give way to that of the state court.").  This is because the court presiding over the *in personam* action need not exercise control of the property to have jurisdiction of the matter.  *See Penn Gen.*, 294 U.S. at 195–96 (explaining two *in rem* proceedings cannot proceed simultaneously because both courts must have control or possession of the property to exercise *in rem* jurisdiction).

There is nothing on the face of the federal seizure warrant indicating that it was issued pursuant to section 853.[3]  However, assuming without deciding that the federal forfeiture proceeding was based on section 853 and, therefore, *in*

---

[3] Specifically, under section 853(f), the federal government may request issuance of a warrant for seizure of property allegedly subject to criminal forfeiture if the government believes seizure is necessary "to assure the availability of the property for forfeiture."  21 U.S.C.A. § 853(f).

*personam*, we conclude the Pearland Police Department's release of the money was improper. Although a federal court may exercise *in personam* jurisdiction to adjudicate certain rights in property simultaneously to the trial court's exercise of *in rem* jurisdiction over the property, the federal court "may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946); *see also Signal Props., Inc. v. Farha*, 482 F.2d 1136, 1137 (5th Cir. 1973); 13F C. Wright & A. Miller, Federal Practice & Procedure § 3631 (3rd ed.). In such situations, the federal court may not seize the property which is in the possession of the state court. *Fischer v. Am. United Life Ins. Co.*, 314 U.S. 549, 554 (1942); *see also Waterman v. Canal-La. Bank & Trust Co.*, 215 U.S. 33, 44 (1909) ("The courts of the United States, while they may exercise the jurisdiction, and may make decrees binding upon the parties, cannot seize and control the property which is in the possession of the state court.").

In the present case, the Pearland Police Department's release of the money pursuant to the warrant disturbed the trial court's possession of the money. Accordingly, regardless of whether the federal action was *in rem* or *in personam*, the Pearland Police Department's release of the money was improper and did not divest the trial court of *in rem* jurisdiction over the money. *See $2,000,000.00*, 822 S.W.2d at 726. We hold that the trial court had jurisdiction to order the money returned to Vincent. *See id.* at 727 ("The transfer of the currency to [federal government] was improper and as such did not divest the trial court of its jurisdiction to . . . provide for the disposition of the currency.").[4] We overrule the State's first issue.

---

[4] In *$191,452 v. State*, the state court had prior *in rem* jurisdiction of money subject to a state forfeiture proceeding; the defendants answered and requested return of the money. 827 S.W.2d 430, 433 (Tex. App.—Corpus Christi 1992, writ denied). After the state court dismissed

6

In its second issue, the State contends that, even if the trial court had jurisdiction to dispose of the money, the court abused its discretion in doing so for several reasons. Relying on conflict-preemption law, the State argues that the state court's order that the money be returned to Vincent conflicts with and is preempted by the section 853(f) warrant. *See Ks. City S. Ry. Co. v. Oney*, 380 S.W.3d 795, 799 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("The relative importance to the state of its own law is immaterial when there is a conflict with a valid federal law because any state law, however clearly within a state's acknowledged power, which interferes with or is contrary to federal law must yield."). The State also notes that 28 U.S.C.A. section 1355(d) provides federal district courts with jurisdiction to issue a warrant in a forfeiture action. 28 U.S.C.A. § 1355(d). Nevertheless, the State cites no authority for the proposition that a federal forfeiture warrant to seize property preempts a state court's right to exercise its prior *in rem* jurisdiction over the property. This argument contravenes the above-cited caselaw that a federal court may not issue any decree that interferes with a trial court's previously exercised *in rem* jurisdiction over property. Here, the trial court's order was not a state law conflicting with a federal law, but a valid exercise of the court's *in rem* jurisdiction. *See also Albin v. Bakas*, 160 P.3d 923, 928 (N.M. App. 2007) ("In keeping with [*Penn General*], we reject the suggestion made by Defendants that federal forfeiture statutes preempt the [New Mexico] Forfeiture Act.").

---

the forfeiture proceeding, it held a hearing on the defendants' request for return of the money, during which a state officer testified that the money had been transferred to the federal government and a federal forfeiture proceeding had been initiated; the trial court denied the defendants' request. *Id.* at 431–32. The Corpus Christi Court of Appeals affirmed, holding the state court lost jurisdiction because it no longer had possession of the money *and the defendants did not claim that the transfer was fraudulent or wrongful. Id.* at 433. Without deciding whether *$191,452* was correctly decided, we note that it differs from our case because Vincent does claim that the transfer was wrongful.

The State also argues that a state court has no right to demand that the Pearland Police Department receive the state court's permission before releasing property to the federal government pursuant to a warrant. Again, we disagree. The trial court had sole authority to determine disposition of the money while its *in rem* jurisdiction existed. *See $79,123.49*, 830 F.2d at 98 (holding nothing "preclude[d] federal authorities from applying to [state court] for an orderly turnover that would permit them to protect [their] interests"). When federal authorities seek to gain control over a res already in the control of a state court, the proper procedure is to seek a turnover order from the state court. *In re Seizure of Approximately 28 Grams of Marijuana*, 278 F. Supp. 2d 1097, 1107 (N.D. Cal. 2003).

Finally, the State contends a state court has no right to demand that the federal government return seized property to Vincent and determine that a federal warrant was improperly issued or executed. However, the trial court ordered the Pearland Police Department—not the federal government—to return the money and did not conclude that the warrant was improperly issued. Furthermore, assuming without deciding that the trial court erred by concluding the warrant was improperly executed because the dollar amount referenced in the warrant differed from the dollar amount seized by the federal government, such error was harmless because the trial court's principal determination that the money was improperly released was correct. Accordingly, we overrule the State's second issue.

We affirm the trial court's judgment.


/s/    John Donovan
       Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

8