**Affirmed and Memorandum Opinion filed September 29, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00805-CV

**MNJ GROUP, INC., Appellant**

**V.**

**CAR STEREO OF TEXAS, INC., TEXAS ELECTRONICS & CAR SALES, INC., NABEEL ARAFAT, ADAM ARAFAT, AND KELLY ARAFAT, Appellees**

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-84872**

## M E M O R A N D U M   O P I N I O N

Appellant contends that the trial court erred (1) in granting a summary-judgment motion filed by certain defendants, (2) in granting those defendants' motion for sanctions, and (3) in severing appellant's claims against those defendants into a separate case. Because the trial court severed the claims against those defendants and the summary-judgment and sanctions rulings into a separate case, appellant cannot challenge those rulings in this appeal from the main case.

The issue of whether the trial court erred in granting a severance has become moot. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff MNJ Group, Inc. filed suit against Omar's Financial Services, Inc., Omar's Financial Consultants, Inc., and Omar Omar (collectively the "Omar Parties") and appellees/defendants Car Stereo of Texas, Inc., Texas Electronics & Car Sales, Inc., Nabeel Arafat, Adam Arafat, and Kelly Arafat (collectively the "Arafat Parties"), asserting claims against all defendants[1] for breach of contract, fraud, negligent misrepresentation, alleged violation of a covenant not to compete, and alleged violations of the Texas Deceptive Trade Practices and Consumer Protection Act. Under a liberal construction of MNJ Group's live pleading, MNJ Group also asserted a negligence claim against the Omar Parties.

The Omar Parties filed a motion for traditional summary judgment and a motion for sanctions against MNJ Group and its attorney Salar Ali Ahmed for allegedly filing groundless, false, and frivolous pleadings, in bad faith and without reasonable inquiry. The trial court signed an order granting sanctions against MNJ Group and Ahmed, ordering both to pay the Omar Parties or their attorney Diogu Diogu $35,000 as reasonable attorney's fees and $10,000 as reasonable expenses. The trial court later signed an order granting the Omar Parties' summary-judgment motion.

The Omar Parties filed a motion to sever MNJ Group's claims against them into a separate case to create a final judgment. The trial court signed an order on

---

[1] In its live pleading, MNJ Group defined the term "Car Stereo of Texas" to mean all defendants, including the Omar Parties, and then asserted claims against "Car Stereo of Texas" for breach of contract, fraud, negligent misrepresentation, alleged violation of a covenant not to compete, and alleged violations of the Texas Deceptive Trade Practices and Consumer Protection Act.

2

April 17, 2018, granting the motion and severing these claims into a separate case. On the same day, the trial court signed a "Final Judgment for [the Omar Parties]." The trial court clearly and unequivocally stated that the court had finally disposed of all claims and all parties in the severed case.

After the severance, the only remaining defendants in the main case were the Arafat Parties. MNJ Group filed a notice of nonsuit in which it nonsuited with prejudice all of its claims against the Arafat Parties. The trial court signed an order on July 10, 2018, nonsuiting with prejudice MNJ Group's claims against the Arafat Parties, and rendering a final judgment in this case. MNJ Group filed a timely, though premature, motion for new trial. On September 7, 2018, MNJ Group filed notices of appeal in this case (the main case), as well as in the severed case. This court dismissed the appeal in the severed case because MNJ Group's appeal from the final judgment in the severed case was untimely. *See MNJ Group, Inc. v. Omar's Financial Services, Inc.*, No. 14-18-00799-CV, 2018 WL 6217447, at *1–2 (Tex. App.—Houston [14th Dist.] Nov. 29, 2018, no pet.) (mem. op.).

## II. ISSUES AND ANALYSIS

MNJ Group timely filed its notice of appeal in this case, and its notice of appeal suffices to invoke this court's jurisdiction over the final judgment in the main case, in which the trial court granted MNJ Group's nonsuit with prejudice of all its claims against the Arafat Parties. Even though the trial court dismissed all of the remaining claims in the main case at MNJ Group's request, MNJ Group still may appeal from the trial court's final judgment, and this court has jurisdiction over the appeal. *See State v. Approximately $2,000,000.00 in U.S. Currency*, 822 S.W.2d 721, 724 (Tex. App.—Houston [1st Dist.] 1991, no writ).

**A.** **May this court adjudicate MNJ Group's appellate complaints as to the trial court's rulings that were severed into a different case?**

In and under its first issue, MNJ Group asserts various challenges to the trial court's order assessing sanctions against MNJ Group and its attorney. In and under its second issue, MNJ Group asserts various challenges to the trial court's granting of the Omar Parties' summary-judgment motion. In and under its fourth issue, MNJ Group asserts various challenges to the trial court's final judgment in the severed case, in which the trial court granted the Omar Parties' summary-judgment motion. In another case in this court, MNJ Group sought to appeal from the judgment in the severed case to challenge these rulings, but, as noted, this court dismissed the appeal as untimely. *See MNJ Group, Inc.*, 2018 WL 6217447, at *1–2.

Though MNJ Group timely filed the notice of appeal in today's case, this appeal is from the dismissal with prejudice of MNJ Group's claims against the Arafat Parties at MNJ Group's request. The trial court severed MNJ Group's claims against the Omar Parties, along with the rulings challenged in the first, second, and fourth issues into a different case before the trial court rendered final judgment in this case. Thus, when the trial court rendered its final judgment in this case, MNJ Group's claims against the Omar Parties were no longer a part of it, and the Omar Parties were no longer parties in this case. *See Enriquez v. Morsy*, No. 01-18-00877-CV, 2020 WL 4758428, at *9 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020, no pet. h.) (mem. op.). In this appeal from the trial court's final judgment nonsuiting claims against the Arafat Parties, we lack jurisdiction to review the rulings in favor of the Omar Parties challenged in MNJ Group's first, second, and fourth issues. *See* Tex. R. App. P. 25.1(b) (stating that "[t]he filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from").

4

**B. May this court review MNJ Group's challenges to the trial court's severance order?**

In its third issue, MNJ Group challenges the trial court's severance of the claims against the Omar Parties into a separate case. The issue of whether the trial court erred in severing claims into a separate case becomes moot when it is no longer possible for the appellate court to remedy any error in the severance order. *See Healey v. Healey*, No. 12-15-00047-CV, 2016 WL 4098750, at *3 (Tex. App.—Tyler 2016, pet. denied); *Cappadonna Elec. Mgmt. v. Cameron Cty.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi 2005, no pet.). The trial court has disposed of the severed claims against the Omar Parties by a judgment, and that judgment is now final by appeal because MNJ Group failed to timely appeal the judgment in the severed case. *See MNJ Group, Inc.*, 2018 WL 6217447, at *1–2. Thus, it is no longer possible for this court to remedy any error in the severance. *See Healey*, 2016 WL 4098750, at *3; *Cappadonna Elec. Mgmt.*, 180 S.W.3d at 375. MNJ Group's third issue is moot.

### III. CONCLUSION

Though MNJ Group timely appealed the trial court's final judgment in this case, MNJ Group has not shown any error in that judgment. Therefore, we affirm the trial court's judgment.

/s/ Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

5