**Lawrence P. COSTELLO, Jr.,
Appellant,**

v.

**The STATE of Texas, et al., Appellees.**

No. 13–89–080–CV.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1989.

Rehearing Denied Aug. 31, 1989.

Michael W. Williams, Port Aransas, for appellant.

Rick Rogers, Porter, Rogers, Dahlman & Gordan, Bradford M. Condit, Asst. County Atty., Corpus Christi, for appellees.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment ordering that a 1987 Chevrolet Corvette be forfeited to the State pursuant to the Texas Controlled Substances Act. Tex.Rev.Civ. Stat.Ann. art. 4476–15, Sec. 5.03 (Vernon Supp.1989). By three points of error, Costello seeks reversal of the trial court's judgment.

The vehicle was seized after it was allegedly used to purchase and deliver methamphetamines. The State initiated this action by filing a notice of seizure and forfeiture in the district court. After a non-jury trial, and after Ford Motor Credit Co. (lienholder on the car) was joined as a party, the court ordered the car forfeited to the Nueces County Sheriff. The vehicle was sold approximately three months later at a Sheriff's auction.

The State, without citing any authority, urges in a Motion to Dismiss that we should dismiss the cause on the ground that *in rem* jurisdiction was destroyed, rendering the appeal moot. The State's verified motion says the vehicle was sold at a Sheriff's Auction and is no longer within the jurisdiction of the court or the State. Costello denies that this court is without jurisdiction. He claims in his first response that this court retains jurisdiction because the car was sold "as is" at the Sheriff's auction. In the second response, he includes an affidavit by his attorney swearing to the fact that he overheard the State's attorney say the vehicle was "in the possession, control and ostensible ownership of an attorney for Ford Motor Credit Co."

A forfeiture proceeding is an *in rem* proceeding. *State v. Rumfolo*, 545 S.W.2d 752, 754 (Tex.1976); *Fleming v. State*, 704 S.W.2d 530, 531 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The general rule of *in rem* jurisdiction is that the court's jurisdiction is dependent on the court's control over the defendant *res. Pennington v. Fourth National Bank*, 243 U.S. 269, 37 S.Ct. 282, 283, 61 L.Ed. 713 (1917); *United States v. $79,000 in United States Currency*, 801 F.2d 738, 739 (5th Cir.1986); *Henry v. Reno*, 401 S.W.2d 118, 120 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.).

At issue is whether this court has jurisdiction after the *res* has been sold, retitled, and is no longer within our control. While we have not been referred to any case law by either party, and we have found no Texas cases dealing precisely with this issue, there are several federal decisions dealing with an appellate court's jurisdiction in an *in rem* proceeding after the *res* has been sold or dispersed. *See, e.g., United States v. One Lear Jet Aircraft*, 836 F.2d 1571 (11th Cir.1988), *cert. denied,* —— U.S. ——, 108 S.Ct. 2844, 101 L.Ed.2d 881; *United States v. $2490.00 in United States Currency*, 825 F.2d 1419

(9th Cir.1987); *$79,000*, 801 F.2d at 739; *United States v. 66 Pieces of Jade & Gold Jewelry*, 760 F.2d 970, 973 (9th Cir.1985); *United States v. United States Currency in the amount of $110,000*, 735 F.2d 326, 327 (9th Cir.1984).

In those cases, the courts have recognized that ordinarily it is incumbent upon the claimant to obtain a stay of execution of the trial court's judgment to prevent removal of the *res* from the control of the court and to preserve jurisdiction for appeal. Otherwise, the release or removal of the *res* from the control of the court will terminate jurisdiction, unless the *res* is released accidently, fraudulently, or improperly. *$79,000*, 801 F.2d at 739, *citing The Rio Grande*, 90 U.S. (23 Wall) 458, 23 L.Ed. 158 (1874).

Similarly, Texas law requires a bond or deposit to be filed with the trial court to suspend the enforcement of judgment. Tex.R.App.P. 40(a)(5), 47. Costello's attorney did not file a bond with the trial court as provided by the Rules of Appellate Procedure. However, he requested an accelerated appeal, and attempted to stay the proceeding by filing a motion to stay the judgment with this court. We granted the motion on May 3, but lifted the stay on May 4 on the basis that "any relief which appellant may be due is vested in the trial court."

Costello's argument asserted in his reply motions could be categorized as one asserting that the release of the vehicle by the State was fraudulent or improper because it was sold hours after the stay entered by this court was lifted. We disagree. The trial court judgment on January 27, 1989, ordered that the vehicle be forfeited to the Nueces County Sheriff and that it be sold within four months from the date of the judgment or that the lien of Ford Motor Credit Company be satisfied if the car was not sold. More than three months after the judgment, the car was sold at the auction. The State's knowledge that Costello's attorney had attempted to stay the judgment but was unsuccessful because of procedural errors does not render the State's conduct fraudulent or improper. The State, without a stay, was free to execute the judgment. *See One Lear Jet*, 836 F.2d at 1574; *$79,000*, 801 F.2d at 740.

The appeal is accordingly dismissed for lack of jurisdiction over the *res*.