ONE HUNDRED NINETY–ONE THOUSAND FOUR HUNDRED FIFTY–TWO and No/100 DOLLARS, Juan Gerardo Torres, Olga Elena Inclan and Roberto Gallardo, Jr., Appellants,

v.

The STATE of Texas, Appellee.

No. 13–91–348–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 27, 1992.

Rehearing Overruled March 26, 1992.

Sam R. Fugate, Fugate & Hitchens, Kingsville, for appellants.

Grant Jones, Dist. Atty., Corpus Christi, Ricardo Oscar Carrillo, Asst. Dist. Atty., Kingsville, for appellee.

Before GILBERTO HINOJOSA, KENNEDY, and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is an appeal from the trial court's judgment refusing to order the return of money which had been seized and held by the Kleberg County Sheriff's Department and the State of Texas as being subject to forfeiture under Tex.Code Crim.Proc.Ann. art. 59.01 *et seq.* (Vernon Supp.1991). Appellants, Juan Torres, Olga Inclan and Robert Gallardo, who each claimed an interest in the money and the right to its return, bring a single point of error complaining that the trial court erred in failing to order that the money be returned to them. We affirm.

The Kleberg County Sheriff's Department seized $191,452.00 in U.S. currency found inside a bag in an automobile in which appellants were traveling through Kleberg County on their way to the Rio Grande Valley. Believing that the money was derived from the illegal sale of marihuana, and was thus contraband, the sheriff's department seized it and the State initiated a forfeiture proceeding under Chapter 59 of the Texas Code of Criminal Procedure. Appellants each filed a separate response to the forfeiture action in which they challenged the forfeiture action and also asked for return of the money. The State later moved for, and the trial court ordered, dismissal of the State's cause of cause of action for forfeiture.

Appellants then moved for a judgment on their claims for return of the money. The trial court held a hearing on appellants' motion for judgment. Kleberg County Deputy Sheriff A.J. Sandoval, III, testified, without objection, that the money had been turned over to the Internal Revenue Service (I.R.S.) and that proceedings had been initiated under the federal forfeiture statute. After the hearing, the trial court

entered an order denying the relief requested by the appellants.

By their sole point of error, appellants complain that once the State forfeiture proceeding had been dismissed, they had a right to an order that the money seized and held by Kleberg County be returned to them.

Appellants initially complained at the hearing that, after the State dismissed its claim for forfeiture, the State had no pleadings on file and could not controvert their counterclaims for return of the money. Even in the absence of a responsive pleading, however, the plaintiff is deemed under Texas Rule of Civil Procedure 92 to have pleaded a general denial to the defendant's counterclaim. Thus, unless the plaintiff contesting a counterclaim intends to urge a defensive theory which must be verified or an affirmative defense under Rule 94, he is not required to answer the defendant's counterclaim. *See Greater Fort Worth and Tarrant County Community Action Agency v. Mims*, 627 S.W.2d 149, 152 (Tex.1982). In the present case, the State must be deemed to have generally denied the appellants' counterclaims for return of the money. Moreover, we do not believe that the dismissal of the State's cause of action somehow negated its deemed general denial. Therefore, the State was entitled to contest appellants' right to return of the money.

Tex.Code Crim.Proc.Ann. art. 59.03 (Vernon Supp.1991), provides that property subject to forfeiture under Chapter 59, i.e., contraband, may be seized by a peace officer, and under article 59.03(c) that "[a] peace officer who seizes property under this chapter has custody of the property, subject only to replevy under Article 59.02 of this code or an order of a court."[1]

Thus, a peace officer generally has the right to custody of seized property that he believes to be contraband until he is directed to dispose of it by order of court.

The statute provides for seizure, custody, and ultimately forfeiture of the property if the State prevails at a hearing under Tex. Code Crim.Proc.Ann. art. 59.05 (Vernon Supp.1991). In addition, if the court finds the property to be forfeitable contraband, the statute specifies how it may be disposed of. *See* Tex.Code Crim.Proc.Ann. art. 59.06 (Vernon Supp.1991). However, if the court does not so find, or if the proceeding is otherwise discontinued or dismissed, the statute does not provide for the disposition of the property.[2] Nevertheless, although Chapter 59 does not specifically give the owner of seized property the right to an order for its return when the forfeiture proceeding has been either dismissed or otherwise disposed of unfavorably to the State, case law supports the owner's right to such an order.

In *Megason v. State*, 791 S.W.2d 221 (Tex.App.—Corpus Christi 1990, writ denied), the State brought a proceeding for forfeiture of $50,000.00 which had been seized from Megason.[3] Megason counterclaimed for return of the money. The State then moved for nonsuit and its claim for forfeiture was dismissed, leaving only Megason's claim for return of the money. A trial was held on Megason's claim, at which the State's attorney asserted that the money had been turned over to federal authorities, but no evidence of such a turnover was offered. Nevertheless, the trial court denied Megason's claim for return of the money. We reversed the trial court since there were no pleadings and no evidence to justify the refusal of an order that

---

1. Replevy of property is an interim remedy which does not apply to money and requires the execution of a bond conditioned upon return of the property at the time of the forfeiture hearing and an agreement to abide by the court's determination at that hearing. *See* Tex.Code Crim.Proc.Ann. art. 59.02 (Vernon Supp.1991).

2. In view of the coordinated efforts of federal, state and local law enforcement agencies in the investigation, seizure and forfeiture of contraband, we regret that the legislature has not provided clearer guidance on the rights and responsibilities of state and local law enforcement officials to either return or retain and transfer seized contraband after state court proceedings have been dismissed.

3. Forfeiture action under the prior Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15 (repealed 1989).

the property be returned to him. *See also Brandes v. State,* 503 S.W.2d 318 (Tex. App.—Austin 1973, no writ).

The present case is distinguishable from the *Megason* case. Here, the State presented testimony, and not merely argument, regarding the turnover of the property to a federal agency and the initiation of federal forfeiture proceedings.

█ A forfeiture proceeding is an *in rem* proceeding, and the court's jurisdiction is generally dependent on the court's control over the *res. Costello v. State,* 774 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1989, writ denied); *see also United States v. $79,000 in United States Currency,* 801 F.2d 738 (5th Cir.1986). The release or removal of the *res* from the control of the court will terminate jurisdiction, unless the *res* is removed accidentally, fraudulently or improperly. *$79,000,* 801 F.2d at 739; *Costello,* 774 S.W.2d at 724.

In the present case, the undisputed evidence showed that the State no longer retained possession of the money in question, because it had been turned over to federal authorities in connection with a federal forfeiture proceeding. No claim was made before the trial court nor is any claim made here that the turnover to federal authorities was fraudulent or wrongful with regard to the rights of the appellants. Therefore, because the evidence showed that the State court no longer had control over the *res* of the present action, we hold that the court properly denied the relief requested by appellants.

The judgment of the trial court is AFFIRMED.