NO. 07-06-0425-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 19, 2008
_____

GENEKE ANTONIO LYONS, APPELLANT

V.

TROOPER JASON HENDERSON, THE TEXAS
DEPARTMENT OF PUBLIC SAFETY AND
THE STATE OF TEXAS,  APPELLEES
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11808; HONORABLE STEVEN R. EMMERT, JUDGE
_____

Before HANCOCK and PIRTLE, JJ., and BOYD, S.J.[1]


**MEMORANDUM OPINION**


Appellant, Geneke Antonio Lyons, appeals the dismissal of a case he brought against appellees, the State of Texas, the Texas Department of Public Safety (hereafter, "TDPS"), and TDPS Trooper Jason Henderson, seeking the return of $106,254.91 seized during a traffic stop of Lyons.  We reverse and remand.

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Background

As the trial court entered its order of dismissal without hearing evidence, our review of the trial court's jurisdictional ruling is based on whether Lyons pled facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). As such, our review of the relevant facts are limited to those asserted by Lyons in his petition. Lyons pled that, "On or about November 9, 2005, in Wheeler County, Texas, Trooper Henderson stopped Plaintiff's vehicle and seized $106,254.91 in cash and arrested Plaintiff for money laundering. Plaintiff has subsequently been indicted in Cause No. 4283 . . . now pending in the 31st Judicial District Court of Wheeler County, Texas, and will enter a plea of 'not guilty.'" In addition, Lyons pleaded that forfeiture proceedings had not been initiated within 30 days of the seizure of the money, as required by Texas Code of Criminal Procedure article 59.04(a), nor had forfeiture proceedings been commenced by the date Lyons filed his petition. TEX. CODE CRIM. PROC. ANN. art. 59.04(a) (Vernon 2006).[2] Lyons specifically alleged that the defendants had committed theft in violation of 42 U.S.C. § 1983, see 42 U.S.C.A. § 1983 (2003),[3] and had taken private property without just compensation in violation of the Fifth Amendment of the United States Constitution. Within his pleading, Lyons also complained that Trooper Henderson failed to comply with article 59 of the Texas Code of Criminal Procedure because he failed to initiate suit to forfeit the seized

---

[2] Further reference to provisions of the Texas Code of Criminal Procedure will be by reference to "article __" or "art. __."

[3] Further reference to 42 U.S.C. § 1983 will be by reference to "section 1983."

2

funds within 30 days.  Lyons prayed for the return of the $106,254.91, an award of $2,000,000 in exemplary damages, and an award of reasonable and necessary attorney's fees.

In response, the defendants collectively filed an Answer, Plea to the Jurisdiction, and Motion to Dismiss.  By their Plea, the defendants alleged that sovereign immunity barred Lyons's suit against the State and TDPS and that Henderson was protected by both qualified and official immunity.  The trial court granted the defendants' Plea to the Jurisdiction and Motion to Dismiss based solely on the pleadings on file.[4]  Following the trial court's dismissal of Lyons's suit, Lyons filed a Motion to Reinstate Suit and Request for Hearing which, *inter alia*, requested reinstatement of the suit based on the trial court dismissing the case with prejudice, but without first affording Lyons an opportunity to amend his Petition.  The record does not reflect the trial court's ruling on this motion.

By two issues, Lyons appeals.  By his first issue, Lyons contends that the trial court erred in dismissing his suit with prejudice without holding a hearing.  By his second issue, Lyons contends that the trial court erred by determining that it did not have subject matter jurisdiction over this case under article 59 of the Texas Code of Criminal Procedure.  Because a reversal of Lyons's second issue would pretermit review of his first issue, we will address his issues in reverse order.

---

[4] We are aware that we may review evidence relevant to jurisdiction and must do so when necessary to resolve the jurisdictional issues raised. Miranda, 133 S.W.3d at 226.  However, in the present case, no jurisdictional evidence was offered.

3

Subject Matter Jurisdiction

In his Petition for Return of Seized Funds, Lyons alleged theft, in violation of section 1983, and a taking of private property without just compensation, in violation of the Fifth Amendment of the United States Constitution. By his appellate issue, Lyons contends that article 59 of the Texas Code of Criminal Procedure either provides a cause of action for recovery of improperly seized property or is unconstitutional. However, this issue was not expressly presented in Lyons's pleading. As it relates to article 59, Lyons's pleading simply identifies article 59.04's requirement that the attorney representing the State commence forfeiture proceedings within 30 days of the seizure and states that this requirement was not met in this case. When reviewing a challenge to a trial court's subject matter jurisdiction based on the pleadings, we must construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. Christus Health Gulf Coast v. Aetna, Inc., 237 S.W.3d 338, 342 (Tex. 2007); Miranda, 133 S.W.3d at 226. Applying this standard, we conclude that the pleading is sufficient to allege a claim for a violation of article 59, although no alternative claim of a constitutional violation was asserted.

Subject-matter jurisdiction is essential to a court's power to decide a case. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). If a court lacks subject matter jurisdiction, any order by the court in the proceeding is void. See Mapco v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding). Subject matter jurisdiction is never presumed and cannot be waived. See Tex. Ass'n of Bus., 852 S.W.2d at 443-44. Whether a court has subject matter jurisdiction is a matter of law reviewed de novo. Tex. Nat'l Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

4

Sovereign immunity protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to suit. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). Any legislative consent to suit or waiver of immunity must be made "by clear and unambiguous language." Id. Further, it is the sole province of the legislature to waive or abrogate sovereign immunity. Id. at 409. Thus, for Lyons to maintain suit against any of the defendants named in his suit, he must state facts in his pleading that establish that the defendants are either outside of the protection of sovereign immunity or that the legislature has clearly and unambiguously consented to the type of suit he is asserting. See Univ. of Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex. 1994).

Lyons failed to plead any legislative consent to suit. As previously noted, his pleading alleges a violation of article 59 of the Texas Code of Criminal Procedure, a violation of section 1983, and a taking of private property without just compensation. However, Lyons did not cite any legislative consent to suit for these claims. Because Lyons seeks damages against the State, one of its agencies, and one of its officials, the legislature must have clearly and unambiguously consented to the claims he asserts. Fed. Sign, 951 S.W.2d at 405; York, 871 S.W.2d at 177.

Looking at the facts pled that support each claim asserted by Lyons, we start with Lyons's claim that the defendants violated section 1983. Lyons's entire section 1983 claim is that the defendants' taking of his money under color of law constituted theft, which he contends is actionable under section 1983. An action under section 1983 may not be maintained against a state or a state agency because neither are "persons" for purposes

5

of section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 68, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Fed. Sign, 951 S.W.2d at 405. However, Trooper Henderson is a person under section 1983. Lyons's section 1983 claim against Henderson is entirely based on Henderson not initiating a forfeiture proceeding within 30 days of the seizure of Lyons's property. However, article 59.04(a), upon which Lyons relies, specifically indicates that the duty to initiate forfeiture proceedings is on the attorney representing the State and not on the seizing officer. Thus, Lyons's pleading fails to state facts that would establish that Henderson did or failed to do anything that violated Lyons's constitutional rights. Further, the facts alleged by Lyons do not provide any challenge to Henderson's assertion of official immunity. See Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994) (government official protected while performing discretionary duties in good faith within scope of authority); Wyse v. Dep't of Pub. Safety, 733 S.W.2d 224, 227 (Tex.App.–Waco 1986, writ ref'd n.r.e.) (police officers are protected by official immunity). Thus, we affirm the trial court's dismissal of Lyons's section 1983 claims.

Based on our analysis above, it is clear that the facts alleged by Lyons, even if true, are insufficient to state a claim against Henderson based on a violation of article 59. Put another way, Lyons wholly fails to identify any facts that would show any breach of a duty imposed on Henderson by article 59. As such, we conclude that the trial court did not err in dismissing Lyons's article 59 claim against Henderson.

As to his article 59 claims against the State and TDPS, Lyons identifies no authority that supports a cause of action against the State for violation of article 59 nor, more

6

importantly, any legislative consent to such suits.[5]  Further, we have found no clear and unambiguous legislative consent to suit for violation of article 59.  Since the State and TDPS are immune from suit for damages absent a clear and unambiguous legislative waiver of immunity and as no such waiver has been given, we affirm the trial court's dismissal of Lyons's claims for violation of article 59.

Finally, Lyons alleged that the defendants took his property without just compensation in violation of the Fifth Amendment of the United States Constitution.  The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor.  Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000).  Clearly, none of the defendants are part of the federal government.  In addition, Lyons does not allege that any of the defendants were acting under the authority of the federal government.  Thus, Lyons has not stated an actionable Fifth Amendment claim.  Id.  As such, we affirm the trial court's dismissal of Lyons's claims for a taking in violation of the Fifth Amendment.

After reviewing the facts alleged by Lyons and the claims asserted against the defendants, we conclude that the trial court did not err in finding that it lacked subject matter jurisdiction over Lyons's claims.

---

[5] Lyons cites One Hundred Ninety-One Thousand Four Hundred Fifty-Two and No/100 Dollars v. State, 827 S.W.2d 430, 432 (Tex.App.–Corpus Christi 1992, writ denied), for the proposition that an unsuccessful forfeiture proceeding gives the owner of seized property a right to an order for the return of the property.  However, it is the sole province of the legislature to consent to suit against the State and its agencies and such consent must be given clearly and unambiguously.  Fed. Sign, 951 S.W.2d at 405, 409.

7

Dismissal With Prejudice

While we affirm the trial court's determination that it lacked subject matter jurisdiction over Lyons's claims, we must consider whether the trial court erred in dismissing Lyons's suit with prejudice without affording Lyons an opportunity to amend his pleading. While there is no requirement that the trial court hold a hearing on a plea to the jurisdiction, a plaintiff is entitled to a reasonable opportunity to amend unless his pleadings affirmatively negate the existence of jurisdiction. See Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 839 (Tex. 2007); Miranda, 133 S.W.3d at 226-27. Because the trial court considered the parties' pleadings without holding a hearing, the issue is whether Lyons could have cured the jurisdictional deficiency of his pleading by amendment.

As addressed above, the legislature has not consented to suit against the State for any of the claims asserted by Lyons. To the limited extent that Lyons's suit attempts to determine the parties' relative rights to the seized property, Lyons does not need legislative consent to suit. Fed. Sign, 951 S.W.2d at 404; Tex. Workforce Comm'n v. MidFirst Bank, 40 S.W.3d 690, 695 (Tex.App.–Austin 2001, pet. denied). Because a forfeiture proceeding is an *in rem* proceeding, State v. Rumfolo, 545 S.W.2d 752, 754 (Tex. 1976), a suit seeking a declaration of the parties' rights to the seized property would not be a suit for monetary damages.[6] Thus, had Lyons been afforded the opportunity to amend his pleading before the trial court dismissed his claims with prejudice, Lyons could have amended his petition to request a declaration of the parties' rights in the seized property.

_____

[6] However, Lyons's claims for exemplary damages and attorney's fees, as claims for monetary damages, would require clear and unambiguous legislative consent.

As such, we must reverse the trial court's dismissal and remand the case to afford Lyons a reasonable opportunity to amend his pleadings.

Conclusion

We reverse the order of the trial court dismissing this cause and remand to the trial court to give Lyons a reasonable opportunity to amend his pleadings.

Mackey K. Hancock
Justice

9