NO. 07-10-00058-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



DECEMBER
22, 2010

 



 

GENEKE ANTONIO LYONS, APPELLANT

 

v.

 

LYNN SWITZER, IN HER CAPACITY AS 31ST JUDICIAL DISTRICT ATTORNEY, TROOPER
JASON HENDERSON, THE TEXAS DEPARTMENT OF PUBLIC SAFETY AND THE STATE OF TEXAS,
APPELLEES 



 



 

 FROM THE 31ST DISTRICT COURT OF WHEELER
COUNTY;

 

NO. 11,808; HONORABLE STEVEN RAY EMMERT, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Geneke Antonio Lyons,
appeals the trial court’s granting of a summary judgment and plea to the
jurisdiction in favor of each appellee, Lynn Switzer, Jason Henderson, the
Texas Department of Public Safety, and the State of Texas.  We affirm.

Factual and Procedural Background

            This
case arose out of the seizure of $106,251.91 by Trooper Jason Henderson of the
Texas Department of Public Safety.  The
factual background for the ensuing petition filed by Lyons is set forth in
detail in this Court’s opinion in Lyons v. Henderson, No. 07-06-0425-CV,
2008 Tex.App. LEXIS 3609 (Tex.App.—Amarillo May 19, 2008, no pet.) (mem. op.
not designated for publication)[1]
and we refer the parties to that discussion. 
See id. at *1-*3. 
In that opinion, we affirmed the trial court’s determination that it
lacked subject matter jurisdiction over Lyons’s claim, but reversed the trial
court’s dismissal of Lyons’s action with prejudice and remanded the case back
to the trial court to afford Lyons a reasonable opportunity to amend his pleadings
in order to correct the jurisdictional defect. 
Id. at *11.  

            Lyons
filed an amended pleading on August 19, 2008. 
Lyons’s amended pleading added Lynn Switzer, in her official capacity as
31st Judicial District Attorney, an action for declaratory judgment,
an allegation of deprivation of Lyons’s Fifth Amendment rights under the United
States Constitution, a claim of violation of Lyons’s rights under article 1,
section 19, of the Texas Constitution, and a general claim for damages pursuant
to section 104.002 of the Texas Civil Practice and Remedies Code.  The appellees each filed a plea to the
jurisdiction and a motion for summary judgment. 
Lyons also filed a motion for summary judgment and objected to the
summary judgments filed by appellees. 
The trial court granted the appellees’ pleas to the jurisdiction and
summary judgments.  This appeal
followed.  

            Lyons’s
appeal asserts a total of nine different issues.  Because of our disposition, we only address
the issue of jurisdiction.  It is
noteworthy to understand the limited purpose for which we remanded this matter
to the trial court, which was to allow Lyons the opportunity to amend his
pleadings to demonstrate that he could cure the jurisdictional deficiency
apparent in his original pleading.  We have
determined that he has not cured the jurisdictional deficiency and will,
therefore, affirm the judgment of the trial court.

Subject Matter Jurisdiction

            Initially,
we observe that our opinion in Lyons I resulted in a remand limited to
allowing Lyons the opportunity to amend his pleadings to cure the
jurisdictional defect in his original petition. 
Id.  Lyons’s amended
pleading did not address the fact that the res,
the $106,251.91 seized by Henderson, was not in the possession of the State at
the time he commenced his suit.  Thus, to
the extent that Lyons continues to request the trial court to return the res to him, the court lacks
jurisdiction.  See One Hundred
Ninety-one Thousand Four Hundred Fifty-two and no/100 Dollars v. State, 827
S.W.2d 430, 433 (Tex.App.—Corpus Christi 1992, writ denied) (release or removal
of the res from control of the court
will terminate jurisdiction).  As stated
previously, the court in this case never had control of the res. 
Since forfeiture is an in rem proceeding,
the court’s jurisdiction is predicated on control over the res.  See Costello
v. State, 774 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1989, writ
denied).  However, the general rule is
subject to an exception when the res
may have been removed from the control or custody of the court accidentally,
fraudulently, or improperly.  Id.
at 724.  Neither Lyons’s pleading nor the
evidence in the record indicate that any of the exceptions apply.[2]  Therefore, unless Lyons’s amended pleading
establishes that the turnover was improper, his causes of action still suffer
from a jurisdictional defect.

            Lyons’s
cause of action for declaratory relief suffers from the same jurisdictional
infirmity.  Lyons “seeks declaratory
judgment that the failure of the named appellees to comply with the strict
requirements of Article 59.01, et
seq., Tex. Code of Crim. Proc.,” shows that Lyons is entitled to return of the res.  See Tex.
Code Crim. Proc. Ann. ch.59 (West 2006 & Supp. 2010).[3]  This allegation does nothing more than recast
the original action as a declaratory judgment action seeking a declaration that
the same statutory scheme as was argued in the original proceeding, Chapter 59,
invalidates the turnover of the res
to the Drug Enforcement Administration (DEA). 
See One Hundred Ninety-one Thousand Four Hundred Fifty-two and
no/100 Dollars, 827 S.W.2d at 433.

Therefore, because Lyons’s alleged
constitutional impropriety relates to the potential forfeiture rather than the
turnover of the res to federal
authorities, none of the Costello exceptions apply.  Consequently, the trial court was without
jurisdiction to address these alleged constitutional violations. 

 

 

 

Conclusion

            Because the
trial court’s ruling on jurisdiction was correct, we affirm the judgment
entered by the trial court in all respects.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] We will refer to this 2008 opinion as “Lyons I.”





[2] Appellant does mention the exceptions in his brief,
however, nowhere in his pleadings does he assert that the accident or fraud
exceptions apply to the facts of this case.

 





[3] Further reference to the Texas Code of Criminal
Procedure will by reference to “art. ___,” “article ____,” or “Chapter ___.”