NO. 07-10-00058-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 22, 2010

GENEKE ANTONIO LYONS, APPELLANT

v.

LYNN SWITZER, IN HER CAPACITY AS 31ST JUDICIAL
DISTRICT ATTORNEY, TROOPER JASON HENDERSON,
THE TEXAS DEPARTMENT OF PUBLIC SAFETY AND
THE STATE OF TEXAS, APPELLEES

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11,808; HONORABLE STEVEN RAY EMMERT, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Geneke Antonio Lyons, appeals the trial court's granting of a summary judgment and plea to the jurisdiction in favor of each appellee, Lynn Switzer, Jason Henderson, the Texas Department of Public Safety, and the State of Texas. We affirm.

Factual and Procedural Background

This case arose out of the seizure of $106,251.91 by Trooper Jason Henderson of the Texas Department of Public Safety. The factual background for the ensuing

petition filed by Lyons is set forth in detail in this Court's opinion in <u>Lyons v. Henderson</u>, No. 07-06-0425-CV, 2008 Tex.App. LEXIS 3609 (Tex.App.—Amarillo May 19, 2008, no pet.) (mem. op. not designated for publication)[1] and we refer the parties to that discussion. <u>See</u> <u>id</u>. at *1-*3. In that opinion, we affirmed the trial court's determination that it lacked subject matter jurisdiction over Lyons's claim, but reversed the trial court's dismissal of Lyons's action with prejudice and remanded the case back to the trial court to afford Lyons a reasonable opportunity to amend his pleadings in order to correct the jurisdictional defect. <u>Id</u>. at *11.

Lyons filed an amended pleading on August 19, 2008. Lyons's amended pleading added Lynn Switzer, in her official capacity as 31st Judicial District Attorney, an action for declaratory judgment, an allegation of deprivation of Lyons's Fifth Amendment rights under the United States Constitution, a claim of violation of Lyons's rights under article 1, section 19, of the Texas Constitution, and a general claim for damages pursuant to section 104.002 of the Texas Civil Practice and Remedies Code. The appellees each filed a plea to the jurisdiction and a motion for summary judgment. Lyons also filed a motion for summary judgment and objected to the summary judgments filed by appellees. The trial court granted the appellees' pleas to the jurisdiction and summary judgments. This appeal followed.

Lyons's appeal asserts a total of nine different issues. Because of our disposition, we only address the issue of jurisdiction. It is noteworthy to understand the limited purpose for which we remanded this matter to the trial court, which was to allow

---

[1] We will refer to this 2008 opinion as "<u>Lyons I</u>."

Lyons the opportunity to amend his pleadings to demonstrate that he could cure the jurisdictional deficiency apparent in his original pleading. We have determined that he has not cured the jurisdictional deficiency and will, therefore, affirm the judgment of the trial court.

## Subject Matter Jurisdiction

Initially, we observe that our opinion in Lyons I resulted in a remand limited to allowing Lyons the opportunity to amend his pleadings to cure the jurisdictional defect in his original petition. Id. Lyons's amended pleading did not address the fact that the *res*, the $106,251.91 seized by Henderson, was not in the possession of the State at the time he commenced his suit. Thus, to the extent that Lyons continues to request the trial court to return the *res* to him, the court lacks jurisdiction. See One Hundred Ninety-one Thousand Four Hundred Fifty-two and no/100 Dollars v. State, 827 S.W.2d 430, 433 (Tex.App.—Corpus Christi 1992, writ denied) (release or removal of the *res* from control of the court will terminate jurisdiction). As stated previously, the court in this case never had control of the *res*. Since forfeiture is an *in rem* proceeding, the court's jurisdiction is predicated on control over the *res*. See Costello v. State, 774 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1989, writ denied). However, the general rule is subject to an exception when the *res* may have been removed from the control or custody of the court accidentally, fraudulently, or improperly. Id. at 724. Neither Lyons's pleading nor the evidence in the record indicate that any of the exceptions

apply.[2]  Therefore, unless Lyons's amended pleading establishes that the turnover was improper, his causes of action still suffer from a jurisdictional defect.

Lyons's cause of action for declaratory relief suffers from the same jurisdictional infirmity.  Lyons "seeks declaratory judgment that the failure of the named appellees to comply with the strict requirements of Article 59.01, et seq., Tex. Code of Crim. Proc.," shows that Lyons is entitled to return of the *res*.  See TEX. CODE CRIM. PROC. ANN. ch.59 (West 2006 & Supp. 2010).[3]  This allegation does nothing more than recast the original action as a declaratory judgment action seeking a declaration that the same statutory scheme as was argued in the original proceeding, Chapter 59, invalidates the turnover of the *res* to the Drug Enforcement Administration (DEA).  See One Hundred Ninety-one Thousand Four Hundred Fifty-two and no/100 Dollars, 827 S.W.2d at 433.

Therefore, because Lyons's alleged constitutional impropriety relates to the potential forfeiture rather than the turnover of the *res* to federal authorities, none of the Costello exceptions apply.  Consequently, the trial court was without jurisdiction to address these alleged constitutional violations.

---

[2] Appellant does mention the exceptions in his brief, however, nowhere in his pleadings does he assert that the accident or fraud exceptions apply to the facts of this case.

[3] Further reference to the Texas Code of Criminal Procedure will by reference to "art. ___," "article ____," or "Chapter ___."

4

Conclusion

Because the trial court's ruling on jurisdiction was correct, we affirm the judgment entered by the trial court in all respects.

Mackey K. Hancock
Justice